UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE NEWSOME,

    Plaintiff,

v.                                      Case No. 13-CV-1379

WISCONSIN CENTRAL LTD.,

    Defendant.

## DECISION AND ORDER

This is a lawsuit under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. ("FELA"). The plaintiff, Lee Newsome, seeks damages for injuries sustained during his employment with the defendant, Wisconsin Central Ltd. I previously denied Wisconsin Central's motion for partial summary judgment on Newsome's loss of future earning capacity claim. (Docket # 46.) Wisconsin Central now asks that I amend the order to include a certification that it satisfies the criteria set forth in 28 U.S.C. § 1292(b) for an interlocutory appeal to the Seventh Circuit. (Docket # 50.) Newsome opposes the motion. (Docket # 52.) For the reasons stated below, Wisconsin Central's motion is denied.

## ANALYSIS

Section 1292(b) provides that a district court may certify for immediate appeal interlocutory orders entered in civil cases that present "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to

guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Additionally, the petition must be filed in the district court within a reasonable time after the order sought to be appealed. *Id.* "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." *Id.* at 676 (emphasis in original). I will address each criteria in turn.

*Timeliness*

Wisconsin Central argues that its motion, filed seventeen days after the decision and order denying its motion for summary judgment, is timely. Newsome does not dispute the timeliness of the motion. I find that motion was timely filed. *See Boim v. Quaranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002) (finding that motions for certificates of appealability filed on February 14, 2001 were filed within a reasonable amount of time after the court's January 10, 2001 decision).

*Statutory Criteria*

1. Question of Law

The phrase "question of law" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. "Question of law" is referred to "in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Id.* at 676-77. Put simply, the court of appeals stated that the idea behind § 1292(b) is "that if a case turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled

2

to do so without having to wait till the end of the case." *Id.* at 677. The Seventh Circuit has instructed that a "question of law" under § 1292(b) means an "abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.*

On the defendant's motion for summary judgment, the question was whether Newsome had produced "'competent evidence suggesting that his injuries have narrowed the range of economic opportunities available to him . . . . [A] plaintiff must show that his injury has caused a diminution in his ability to earn a living.'" *McKnight v. Gen. Motors Corp.*, 973 F.2d 1366, 1370 (7th Cir. 1992) (quoting *Gorniak v. National Railroad Passenger Corp.*, 889 F.2d 481, 484 (3d Cir.1989) (FELA case)). I noted that the parties did not cite, and I did not find, a Seventh Circuit decision addressing loss of earning capacity in a FELA case. I also noted that although the parties framed the cases they cited from other circuits differently, that upon close reading, the cases generally agreed that *Gorniak* and *Wiles v. New York, Chicago, and St. Louis Railroad Co.*, 283 F.2d 328 (3d Cir. 1960) are the appropriate legal standard in FELA cases. As the Sixth Circuit succinctly stated, "*Wiles* and *Gorniak* stand for the proposition that a FELA plaintiff can establish a claim of impaired future earning capacity by showing that, because of his injury, he will have difficulty obtaining work except with his present employer, or that he will have a decreased ability to weather adverse economic circumstances, such as a layoff." *Taylor v. Consolidated Rail Corp.*, No. 96-3579, 1997 WL 321142, *4 (6th Cir. June 11, 1997) (unpublished). I then noted that the Seventh Circuit had favorably cited *Gorniak* on two occasions as the standard for assessing loss of earning capacity, although not in the context of FELA. *See Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952-53 (1998); *McKnight*, 973 F.2d at 1370. I then proceeded to apply the principles from these cases to the facts of this case.

3

Wisconsin Central argues that the question at issue here—whether Newsome is entitled to damages for loss of future earning capacity when there are other jobs available to him that match or exceed his pre-injury earning capacity—is a pure question of law that can be decided without having to study the record. Wisconsin Central states that the issue is a narrow, abstract legal issue and notes that the material facts are generally not in dispute. While what is an abstract legal issue is not "crystalline," I disagree that this question presents a pure question of law. First, Wisconsin Central is correct that certain material facts are undisputed, such as the fact that Wisconsin Central advised Newsome of several open positions that he was physically and cognitively qualified to work and that in some of the alternative positions Newsome could earn more money than in his job as a mobile mechanic. (Docket # 46 at 4.) However, as stated above, the mere absence of a dispute of fact does not make an issue a pure question of law, *see Ahrenholz*, 219 F.3d at 676-77.

Next, I do not find that the court of appeals could "quickly and cleanly" decide the issue without delving into the record. *See id.* In denying the summary judgment motion, I found that Newsome presented competent evidence suggesting that his injuries narrowed his range of economic opportunities. In doing so, I considered the record evidence including Newsome's testimony and the testimony and expert report of his vocational expert.

For these reasons, I conclude that the question Wisconsin Central presents is more akin to an issue of whether summary judgment should be granted than to an "abstract legal issue" appropriate for certification under § 1292(b). Accordingly, Wisconsin Central has not met the first statutory element required for certification.

2. Controlling

Because all four statutory elements must be satisfied to grant a § 1292(b) petition, my analysis could end here with Wisconsin Central's failure to meet the first statutory element. However, for the sake of completeness, I will address the other three elements. The second element is whether the question at issue is controlling. A question of law may be deemed "controlling" if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).

Wisconsin Central argues that because of Newsome's young age, his claim for loss of future earning capacity is arguably his most significant damages claim and the claim will require complicated expert testimony and pretrial briefing regarding the admissibility of the testimony. For these reasons, Wisconsin Central argues that the loss of future earning capacity issue is controlling. Newsome does not dispute Wisconsin Central's argument that his loss of earning capacity claim is arguably his most significant damages claim. Rather, Newsome argues that the threat of significant pretrial work and *Daubert* motions is insufficient to meet the § 1292(b) criteria.

I agree the issue is arguably controlling. Once again, Newsome does not dispute that his loss of future earning capacity claim is his most significant damages claim. Assuming this is true, a finding in Wisconsin Central's favor could substantially limit Newsome's recovery, and courts have held that a ruling that substantially limits the damages a plaintiff may recover is a controlling question of law. *See Kostal v. Life Ins. Co. of North America*, No. 09-CV-31, 2011 WL 5374432, *1 (E.D. Wis. Nov. 7, 2011); *see also Mister v. Illinois Centr. Gulf. R. Co.*, 790 F. Supp. 1411, 1426 (S.D. Ill. 1992) (finding controlling question of law

5

where the order disposed of "a large part of the damages the plaintiff had hoped to recover"); *In re Brand Name Prescription Drugs*, No. 94 C 897, 1998 WL 808992, *5 (N.D. Ill. Nov. 17, 1998) (in orders disposing of a large percentage of the plaintiff's recoverable damages, "the proper measure of damages is always a controlling question of law"); *but see Manitowoc Marine Group LLC v. Ameron Intern. Corp.*, No. 03-CV-232, 2006 WL 2519219, *2 (E.D.Wis. Aug. 29, 2006) ("The issue raised by Ameron is one of many and relates only to damages. It is hardly controlling of the litigation between the parties."). Thus, I find that Wisconsin Central meets the second statutory element.

3. Contestable

The third statutory requirement is that the question of law must be contestable, which means that "there is substantial ground for difference of opinion." § 1292(b). The fact that there is no Seventh Circuit precedent on the issue, however, does not establish substantial ground for difference of opinion. *Anderson v. Foster*, No. 13-CV-256, 2013 WL 4523228, *3 (E.D. Wis. Aug. 27, 2013). The issue is whether "'other courts have adopted conflicting positions regarding the issue of law proposed for certification.'" *Id.* (quoting *In re Bridgestone/Firestone, Inc. Tires Products Liab. Litig.*, 212 F. Supp. 2d 903, 909-10 (S.D. Ind. 2002)). Wisconsin Central argues that there is a split of authority on the loss of future earning capacity issue and states that I acknowledged the split in my summary judgment decision. Wisconsin Central misunderstands my finding. While I noted no Seventh Circuit decision addressing loss of earning capacity in FELA cases and stated that the parties disagreed on the operative case law from other circuits, I ultimately found that the cases cited by both parties stand for the same proposition and generally agree that *Gorniak* and *Wiles* are the appropriate legal standard in these FELA cases. (Docket # 46 at 5.) Thus, I

find that the question presented by Wisconsin Central is not contestable, within the meaning of § 1292(b), and Wisconsin Central has not met its burden with regard to this criteria.

4. Materially Advance Litigation

The fourth statutory requirement is that the question of law materially advances the ultimate termination of the litigation. An appeal materially advances the ultimate termination of the litigation if its resolution "promise[s] to *speed up* the litigation" *Ahrenholz*, 219 F.3d at 675 (emphasis in original) even if it does not end the litigation in the district court, *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).

As with its argument regarding whether the issue is controlling, Wisconsin Central argues that because Newsome's loss of future earning capacity is arguably his most significant claim for damages and will require complicated expert testimony and *Daubert* motions, resolution of the issue would speed up the litigation. I agree if Newsome's most significant damages claim was removed from the equation, it likely would speed up the litigation of this case, in regard to both lessening the amount of pretrial and trial work to be done and increasing the possibility of resolution of the case. Thus, I find that Wisconsin Central has met its burden with regard to the fourth statutory criteria.

## CONCLUSION

Although I find that the question presented in the proposed interlocutory appeal is controlling and resolution of the issue will materially advance the litigation, it does not present a pure question of law and is not contestable. As such, the proposed interlocutory appeal does not fulfill all of the requisite criteria under § 1292(b). For the reasons stated above, I decline to amend the September 11, 2015 order to allow for an interlocutory appeal.

7

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to amend order to provide for an interlocutory appeal (Docket # 50) is **DENIED**.

Dated at Milwaukee, Wisconsin this 9th day of November, 2015.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge